# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RONALD B. EDWARDS,　　　　　　　　：
　　　　　　　　　　　　　　　　　　　：
　　　　Plaintiff,　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　：
　　v.　　　　　　　　　　　　　　　　：　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　：　　1:07-CV-3052-JOF
FULTON COUNTY and　　　　　　　　　：
THOMAS C. ANDREWS,　　　　　　　　　：
County Manager,　　　　　　　　　　　：
In his Individual Capacity,　　　　：
　　　　　　　　　　　　　　　　　　　：
　　　　Defendants.　　　　　　　　　：

## OPINION AND ORDER

The instant matter is before the court on Defendant Thomas Andrews' opposed Motion for Extension of Time to File Motion to Dismiss [40] and Motion for Protective Order or a Stay of Discovery [42].

Plaintiff Ronald B. Edwards has worked for Defendant Fulton County for thirteen years in positions related to the County's Housing and Community Development Office. Plaintiff currently works in a supervisory role as a Community Development Specialist. This job is classified as C-52 level work by the County. Plaintiff contends that the County has paid, and is paying, women, white employees, and younger employees at a higher rate for performing work at this level than the County is paying him. Plaintiff complained about

the pay disparity to his supervisors; they allegedly wrote to County management to notify them of Plaintiff's concern; they allegedly assured him that a response would be forthcoming; and the County did not provide a response. Plaintiff subsequently filed a formal complaint with the Grievance Review Committee. The Committee allegedly denied Plaintiff's complaint on June 15, 2007, and did not provide Plaintiff with a response until July 11, 2007. Following the denial, Plaintiff wrote to Defendant and County Manager Thomas Andrews to request relief. Andrews allegedly ignored the letter and retaliated against Plaintiff by denying him his right to appeal and right to arbitration under the Fulton County Ordinances. Plaintiff continues to work for Fulton County.

Plaintiff filed the instant complaint on December 10, 2007, alleging (1) Equal Protection and Due Process claims against both Defendants under § 1983; (2) an Equal Pay Act claim against Fulton County; (3) race discrimination and retaliation in violation fo 28 U.S.C. §§ 1981 and 1983 by both Defendants; and (4) breach of contract by Fulton County. Plaintiff demanded attorneys' fees, costs, and actual, compensatory, liquidated, and punitive damages. Defendants answered on January 2, 2008, and asserted numerous defenses including qualified immunity. The parties secured an extension of time to commence discovery and it does not appear that any discovery was conducted until March 2008. At that time, the parties filed a Preliminary Report and Discovery Plan and began making their initial disclosures. Both Plaintiff and Defendants served numerous discovery requests in

2

April and May 2008. Defendant Andrews filed the instant contested Motions for Extension and for Protective Order and Stay on June 10, 2008, roughly three months after the court approved the parties' joint discovery plan. The court granted the parties an extension of time to complete discovery on August 22, 2008. The court extended discovery until either (1) thirty days after the court denied Defendant's Motion to Stay; or (2) thirty days after the court ruled upon Defendant's Motion to Dismiss Thomas Andrews if the court granted Defendant's Motion to Stay.

Defendant requests an extension of time under L.R. 7.1(A)(2) (N.D. Ga.) to file his Motion to Dismiss on qualified immunity grounds. Defendant acknowledges that the Motion should have been filed within thirty days of the commencement of discovery under the Preliminary Report and Discovery Plan; however, Defendant contends that Plaintiff did not serve any discovery upon him until May 20, 2008,[1] and he requests the court's permission to file the Motion within thirty days of that date. Defendant maintains that his Motion is filed in good faith and not for the purposes of delay. L.R. 7.1 grants this court the power to extend the deadline to file a motion to dismiss at its discretion. As a matter of public policy and judicial efficiency, qualified immunity questions should be resolved at the earliest possible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 (1986). The court can find no reason to delay the issue of Defendant Andrews' immunity until summary

---

[1] Plaintiff appears to have requested Defendant Andrews' personal financial data as well as other general information. (Mot. to Stay, at 1).

3

judgment. Further, the court has already implicitly granted Defendant's Motion for an Extension of Time in the Minute Order of August 22, 2008, by extending discovery until thirty days after the court rules on Defendant's Motion to Dismiss if the court grants Defendant's request for stay. Therefore, Defendant's Motion for Extension [40] is GRANTED.

Defendant also requests that the court stay all discovery with respect to him until the court has ruled upon his Motion to Dismiss. The Eleventh Circuit has clearly stated that a party who has stated an affirmative defense of qualified immunity is entitled to dismissal prior to discovery. *Marsh v. Butler County*, 268 F.3d 1014 1022 (11th Cir. 2001). The doctrine of qualified immunity protects public officials from broad ranging discovery as well as from judgment. *Anderson*, 483 U.S. at 646. Therefore, this court sees no reason for Defendant Andrews to undergo invasive personal discovery only to be dismissed. Defendant's Motion to Stay is GRANTED [42]. Plaintiff may proceed with discovery against Defendant Andrews if the court DENIES Defendant's Motion to Dismiss.

Defendant has filed its Motion to Dismiss and Brief in Support [40] along with its Motion for Extension of Time. The court instructs Defendant to file its Motion and Brief as a separate docket entry within three (3) calendar days from the date of this order. Plaintiff shall have ten (10) days from the official filing of Defendant's Motion to respond per L.R. 7.1. The parties now have until thirty (30) days after the court rules on Defendant Andrews' Motion to Dismiss to complete discovery.

4

**IT IS SO ORDERED** this 30th day of October 2008.

            s/ J. Owen Forrester
            J. OWEN FORRESTER
       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)