# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD B. EDWARDS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-3052-JOF |
| FULTON COUNTY and : | |
| THOMAS C. ANDREWS, : | |
| County Manager, : | |
| in his individual capacity, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

The instant matter is before the court on Defendant Thomas Andrews' Motion to Dismiss [53].

**I.  Background**

Plaintiff Ronald Edwards is an African-American male. Plaintiff has been employed with Defendant Fulton County for more than thirteen years and currently serves as a Community Development Specialist in the Department of Housing and Community Development. Defendant Andrews is the County Manager for Fulton County. The instant action is a wage dispute.

Plaintiff contends that he has not been and is not being paid at the same wage rate as women, white, and/or younger employees performing C-52 level work for Fulton County. Plaintiff maintains that he complained about this wage disparity to his supervisors; his supervisors notified him that they were aware of the problem and were taking actions to rectify it; his supervisors notified County management about Plaintiff's complaints; and his supervisors told him that a decision would be forthcoming from County management. According to Plaintiff, he never received a final decision from the County regarding his complaints.

Fulton County has a formal grievance process. Plaintiff maintains that he did not initially utilize this grievance procedure because his supervisors assured him that his concerns were in the process of being resolved. Frustrated with the County's non-response, Plaintiff ultimately filed a formal complaint with the Grievance Review Committee. On July 11, 2007, Plaintiff received a decision from the Grievance Review Committee dated June 15, 2007, which denied his complaint as untimely. By the time that Plaintiff received the Committee's decision, it was too late for him to request an appeal or arbitration as outlined in the Fulton County Ordinances. Plaintiff wrote to Andrews on July 31, 2007, asking him to allow Plaintiff to appeal. Andrews took not action with respect to Plaintiff's letter.

AO 72A
(Rev.8/82)

On December 10, 2007, Plaintiff filed the instant action asserting equal protection and due process claims against Fulton County and Andrews under 42 U.S.C. §§ 1981 and 1983 and equal pay claims against Fulton County under the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff's complaint also asserts state law claims for breach of contract, estoppel, and unjust enrichment against Fulton County. Plaintiff maintains that he has suffered actual damages in the form of lost pay and distress, and he demands attorneys' fees under O.C.G.A. § 13-6-11 and 42 U.S.C. §§ 1981 and 1983.

With respect to Defendant Andrews, Plaintiff specifically alleges that (1) "Andrews failed and refused to heed the memos and letters of Plaintiff's Department heads and made the decision that the above-described discriminatory practices would continue"; (2) Andrews ignored Plaintiff's July 31, 2007 letter requesting relief from the Grievance Committee's ruling that his complaint was untimely, and again decided to allow the pay discrimination to continue; and (3) Andrews retaliated against Plaintiff for complaining by denying Plaintiff his right to appeal and right to arbitration under the Fulton County Ordinances. (Cmpl. ¶¶ 8, 13).

Defendant Andrews filed the instant Motion to Dismiss on October 31, 2008, and it has been fully briefed. Defendant contends that the court should dismiss Plaintiff's section 1981 claim as duplicative. Defendant insists that the court should dismiss Plaintiff's section

3

1983 claim against him in his individual capacity because he is entitled to qualified immunity.

**II. Discussion**

Plaintiff has alleged claims against Andrews under 42 U.S.C. §§ 1981 and 1983.

**A. Section 1983**

The issue before the court is whether the court may hold Andrews liable for violating Plaintiff's constitutional right to Equal Protection under the Fourteenth Amendment because Andrews (1) did not act on memos and letters of Plaintiff's department heads regarding his Plaintiff's allegations of pay discrimination (Cmpl. ¶ 8), and (2) did not act on a letter by Plaintiff asking Andrews to overturn the Grievance Committee's decision that his complaint was untimely (*id. ¶* 13).

Section 1983 prevents government officials acting under the color of state law from depriving individuals of their rights, privileges, and immunities secured by the Constitution. 42 U.S.C. § 1983. Plaintiff claims that Andrews did not respond to letters and memos alleging that Plaintiff was paid less than other employees for the same work on the basis of his race and gender, and that Andrews refused to overturn the Grievance Committee's decision that Plaintiff's complaint was untimely or allow Plaintiff to appeal out of time. With respect to the second action, Plaintiff does not explain how he has any constitutional right to go around the rules of the Grievance Committee, or why Defendant Andrews would

4

have any constitutional obligation to reverse the Committee's decision. With respect to the first action, the court will assume that Plaintiff has generally alleged a constitutional violation. The Equal Protection Clause clearly ensures a right to be free from intentional discrimination on the basis of race or gender, and the Eleventh Circuit has found various race or gender based employment decisions by public officials to violate that constitutional right. *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir. 2003). With respect to Andrews' action in ignoring the memos and letters, the court is far more concerned with the question of causation.

"Congress did not intend for § 1983 liability to attach where causation is absent," and as such "[a] § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007). A plaintiff may establish a causal connection directly by showing that (1) the defendant personally participated in the constitutional deprivation; or (2) the defendant breached a duty imposed by state or local law which caused the plaintiff's constitutional injury. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). The inquiry into causation is "a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation." *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982). A plaintiff may establish a causal connection indirectly through

5

supervisory liability by showing that (1) a history of widespread abuse puts the supervisor on notice of the need to correct a deprivation and he failed to do so; or (2) the supervisor established a custom or policy which resulted in deliberate indifference to constitutional rights. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff does not allege that Andrews set his pay rate or job duties or that he had the authority to change them. In fact, Plaintiff's allegations make it appear as if the Grievance Committee rather than the Defendant had the authority to address Plaintiff's concerns. Plaintiff alleges no other action taken by Andrews that directly deprived him of his constitutional right to equal protection. Plaintiff does not aver that Andrews breached any duty imposed upon him by law to deal with Plaintiff's complaints rather than allowing the Grievance Committee to address them, and Plaintiff concedes in his response to Defendant's Motion to Dismiss that he is not asserting his claims under a theory of supervisory liability (Resp., at 7). Plaintiff's complaint fails to allege any causal connection between Defendant Andrews' action in ignoring memos and letters and Plaintiff's alleged Equal Protection deprivation. Because Plaintiff has failed to allege that any of Defendant Andrews' actions resulted in a deprivation of his constitutional rights, the court need not reach the issue of qualified immunity.

6

### B. Section 1981

Section 1981 seeks to ensure that all citizens regardless of race have "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens," including the right to make and enforce contracts, sue and be sued, give evidence, etc. 42 U.S.C. § 1981. Section 1983 "constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981," however, and there is no cause of action against state actors under section 1981. *See Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000) (upholding *Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989), in wake of 1991 Civil Rights Act); *see also Vason v. City of Montgomery*, 240 F.3d 905, 906 n.1 (2001) (affirming *Butts*).[1] Here, Defendant Andrews is a state actor and thus Plaintiff may not bring a cause of action against him directly under section 1981.

---

[1]There is currently a circuit split as to whether *Jett* remains good law in light of The Civil Rights Act of 1991. *Compare McGovern v. City of Philadelphia*, No. 08-1632, 2009 WL 188134, *6 (3d Cir. Jan. 28, 2009); *Arendale v. City of Memphis*, 519 F.3d 587, 598 (6th Cir. 2008); *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n.1 (4th Cir. 1995), *with Federation of African American Contractors v. Oakland*, 96 F.3d 1204 (9th Cir. 1996). The Ninth Circuit has concluded that 42 U.S.C. § 1981(c) is intended to extend section 1981's implied cause of action against private defendants to violations committed by state defendants. *See Federation*, 96 F.3d at 1210-04. The Eleventh Circuit opinion in *Butts* is consistent with the majority of circuits which reject the holding in *Federation.*

<blockquote></blockquote>

<blockquote></blockquote>

<blockquote></blockquote>

<blockquote></blockquote>

7

<blockquote></blockquote>

### III. Conclusion

Defendant Andrews' Motion to Dismiss [53] is GRANTED, and Defendant Andrews should be terminated as a party to this matter. Plaintiff's federal and state law claims against Defendant Fulton County remain pending.

**IT IS SO ORDERED** this 14th day of April 2009.

s/ J. Owen Forrester<br>
J. OWEN FORRESTER<br>
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)